FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Mar 8, 2023
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **CARL SCHOOLFIELD**, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**MENA HOSPITAL COMMISSION D/B/A MENA REGIONAL HEALTH SYSTEM**<br><br>Defendant. | Case No.:  2:23-cv-02031<br><br><br>Judge: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Mena") hereby removes the State Court Action described below to the United States District Court for the Western District of Arkansas. Mena removes this case pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1332.

## STATEMENT OF THE CASE

1.  Plaintiff Carl Schoolfield ("Plaintiff") has brought this lawsuit on behalf of a putative class of all Mena Regional Health System patients whose personal identifying information ("PII") or protected health information ("PHI") were allegedly transmitted to third parties without authorization as a result of an alleged data breach to Mena's digital information storage system.

2.  On behalf of himself and the putative class, Plaintiff seeks actual damages, compensatory damages, punitive damages, statutory damages, attorneys' fees, costs, and other such relief.

## PROCEDURAL BACKGROUND

3. On February 6, 2023, Plaintiff commenced a class action suit in the Circuit Court of Polk County, Arkansas, titled as *Carl Schoolfield v. Mena Hospital Commission d/b/a Mena Regional Health System* (the "State Court Action"). A true and accurate copy of the State Court Action's Complaint is attached as Exhibit A ("Compl.").

4. On February 10, 2023, Mena received a copy of the Complaint.

## THE CLASS ACTION FAIRNESS ACT AS BASIS FOR REMOVAL

5. Under the Class Action Fairness Act, a district court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and where the total number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(2), (5).

6. Congress passed CAFA in response to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate *cases* of national importance under diversity jurisdiction." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032 (8th Cir. 2014) (emphasis in original) (internal citations and quotations omitted).

7. Each requirement for this Court's exercise of jurisdiction under 28 U.S.C. § 1332(d) is satisfied in this case:

### The Class Includes More than 100 Members

8. Plaintiff's putative class includes:

> All persons residing in the United States whose information was compromised by the Data Breach—including all persons that Defendant sent a notice of the Data Breach to (the "Class").

(Compl., at ¶ 92.)

9. While Plaintiff does not offer a specific estimate of the size of the putative class, the Complaint specifically pleads the following: "While the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, the Class consists of hundreds, if not thousands, of patients whose Private Information was compromised in the Data Breach." (*Id.* at ¶ 96 (emphasis added).)

10. That there are more than 100 members in the putative class is confirmed by the Declaration of Robert I. Rupp, attached as Exhibit B, which explains that an information security incident at Mena impacted more than 100 individuals.

## Minimum Diversity is Satisfied

11. While Plaintiff and Mena are both alleged to be Arkansas residents, the members of the putative class are not so limited; rather, the class is defined to include "[a]ll persons residing in the United States whose information was compromised by the Data Breach" at issue. (Compl., at ¶ 92.)

12. The members of the putative class include non-Arkansas residents, as Mena's business records reflect that at least one patient of Mena who received notice of the incident and would be included within the proposed class resides outside of Arkansas. (*See* Rupp. Decl.) These non-Arkansas individuals, therefore, fall within the definition of the class.[1]

13. Because Mena is a citizen of Arkansas under 28 U.S.C. § 1332(d)(10), the fact that at least one member of the putative class is a resident of a state other than Arkansas satisfies the minimal diversity requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[1] Mena has not individually identified any out-of-state patients by name or address herein due to confidentiality concerns; however, Mena is prepared to provide such information to the Court and Plaintiff's counsel at the Court's request.

**The Class's Alleged Damages Exceed $5,000,000**

14. Finally, it is "more likely than not" that the amount put into controversy by Plaintiff's claims for relief exceed the sum or value of $5,000,000 exclusive of costs and interests. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (defendants must demonstrate that damages are "more likely than not" meet the amount-in-controversy requirement).

15. In his prayer for relief, Plaintiff requests: (1) "an award of damages, including actual, nominal, statutory, and consequential damages, as allowed by law in an amount to be determined"; (2) "[f]or an award of attorneys' fees, costs, and litigation expenses, as allowed by law"; and (3) "prejudgment interest on all amounts awarded." (Compl., Prayer for Relief, at ¶¶ d-f.)

16. Plaintiff seeks "compensatory and consequential damages" stemming from the following purported injuries: (a) reviewing and monitoring financial and other sensitive accounts and finding fraudulent insurance claims, loans, and/or government benefit claims; (b) purchasing credit monitoring and identify theft prevention; (c) placing "freezes" and "alerts" with reporting agencies; (d) spending time on the phone with or at financial institutions and/or government agencies to dispute unauthorized and fraudulent activity in their name; (e) contacting financial institutions and closing or modifying financial accounts; and (f) closely reviewing and monitoring his Social Security Number, medical insurance accounts, bank accounts, and credit reports for unauthorized activity for years to come. (*See id.* at ¶¶ 80, 116, 129.)

17. When added together, all these forms of relief sought by Plaintiff and the Class Members – including potential attorneys' fees and punitive damages – would easily exceed the jurisdictional threshold of this Court, especially when considering a potential class size of "thousands" of class members. Because it is more likely than not that the claims made by Plaintiff

on behalf of the putative class put into controversy a sum in excess of $5,000,000, the amount-in-controversy requirement is met.

## PROCEDURAL AND LOCAL RULES HAVE BEEN SATISFIED

18. All of the statutory requirements for removal to this Court under 28 U.S.C. §§ 1441(a) and 1446 have been satisfied.

19. Pursuant to 28 U.S.C. § 1441(a), venue in this District is proper because it is the "district and division embracing" Polk County, Arkansas, the "place where such action is pending."

20. Pursuant to 28 U.S.C. § 1446(a), Mena has attached all process, pleadings, and orders filed in the State Court Action to date as Exhibit A.

21. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and promptly filed in the Circuit Court of Polk County, Arkansas.

23. By filing this Notice of Removal, Mena does not waive, and expressly reserves, its right to raise any and all of its procedural and/or substantive defenses.

24. Mena reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Mena hereby gives notice that the Action pending against it in the Circuit Court of Polk County, Arkansas is removed to this Court.

Dated: March 8, 2023                           Respectfully submitted,

                                            **McDonald Hopkins PLC**

                                            By:   */s/ Timothy J. Lowe*
                                                      Timothy J. Lowe (P68669)
                                                      39533 Woodward Avenue, Suite 318
                                                      Bloomfield Hills, MI 48304
                                                      (248) 220-1352
                                                      tlowe@mcdonaldhopkins.com

        Patrick McDaniel Ark. Bar No. 97133
        ATTORNEY AT LAW, P.A.
        311 DeQueen St.
        Mena, AK 71953
        t: 479.394.3091 | f 479.394.3092
        patrick@arklawyer.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 8, 2023, I caused a true and correct copy of the Notice of Removal to be served by first class mail, postage prepaid, on the following:

- Joseph Gates, Gates Law Firm, PLLC, 2725 Cantrell Road, Suite 105, Little Rock, AR 72202

Dated: March 8, 2023        Respectfully submitted,

        By:   */s/ Timothy J. Lowe*
                Timothy J. Lowe (P68669)